UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSOHADA R. ALLEN, | : |
| Petitioner, | : Civ. No. 14-2820 (RBK) |
| v. | : **OPINION** |
| WARDEN (S.S.C.F.), | : |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application to proceed *in forma pauperis* will be granted for the reasons stated therein. For the following reasons, the habeas petition will be dismissed.

## II. BACKGROUND

Petitioner challenges a state criminal sentence imposed on him. The petition does not state the length of the sentence nor does it state what the sentence is for. Nevertheless, petitioner claims that the sentence is excessive and illegal. Furthermore, he notes that the New Jersey Supreme Court denied certification on March 13, 2013.

Petitioner previously filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his state conviction and sentence.[1] (*See* Civ. No. 13-3387.) In that case,

---

[1] The petitioner is named Osohada T. Allen in Civ. No. 13-3387 as opposed to Osohada R. Allen in this case. Despite this different middle initial, the petitioner in both cases are one in the same as evidenced by the identical prison identification number.

1

petitioner provided the Court with more information that he does in this petition. Specifically, in that case, petitioner noted that he was sentenced on September 6, 2011 to a twelve-year term for a second-degree eluding charge. (*See id.* Dkt. No. 8 at p. 2.) In that case, petitioner stated that he did not plead to any extended term of incarceration and that there was never any motion by the prosecution seeking to impose an extended term on him. (*See id.*) The Court denied petitioner's prior § 2254 petition on November 6, 2013, concluding that petitioner did not raise any valid constitutional claims. (*See* Civ. No. 13-3387, Dkt. No. 8 at p. 3.) Petitioner filed a motion for reconsideration in that case which was denied. (*See id.* Dkt. Nos. 12 & 13.) Petitioner did not appeal.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.     DISCUSSION

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania state prisoner filed habeas petitions pursuant to 28 U.S.C. §§ 2241 and 2254 which challenged a decision of the state parole board denying his application for release on parole. Ultimately, the Third Circuit determined that Coady must rely on § 2254 instead of § 2241. Indeed, the Third Circuit explained that:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this cannon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

*Coady*, 251 F.3d at 484-85.

Petitioner's reliance on § 2241 is misplaced in this case as he must proceed under § 2254 because he is challenging his state sentence.  *See Washington v. Sobina*, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") (citing *Coady*, 251 F.3d at 485); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citation omitted); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:34 (May 2013) ("The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the *exclusive avenue* for a state prisoner challenging the constitutionality of his detention.") (emphasis added).  Thus, petitioner cannot rely on § 2241 to proceed with his attack of his state sentence.

To the extent that the instant habeas petition can be analyzed using § 2254, it also requires dismissal at this time.  As noted above, petitioner previously filed a § 2254 petition which was denied.  Section 2244(b) of Title 28 of the United States Code permits the filing of a second or successive § 2254 habeas petition only under narrow circumstances; specifically:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). In addition, Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

In this case, petitioner does not allege nor does it appear that he has ever received permission from the United States Court of Appeals for the Third Circuit to file a second or successive § 2254 habeas petition. Thus, petitioner's reliance on § 2254 is improperly filed in this Court at this time. In such a situation, the Court may "if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. However, it is not in the interest of justice to transfer this case to the Third Circuit as it does not appear that petitioner's filing falls within the narrow grounds detailed in § 2244(b)(2) for filing a second or successive habeas petition. Accordingly, the habeas petition will be dismissed as it is not properly raised as a § 2241 petition and is a second or successive habeas petition under § 2254 that lacks authorization from the Third Circuit to be filed.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed and a certificate of appealability shall not issue. An appropriate order will be entered.


DATED:  May 12, 2014

                                                             s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge